UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

        v.

Albert Morris Johnson,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 13-127 ADM/SER

___

Thomas M. Hollenhorst, Assistant United States Attorney, Minneapolis, MN, on behalf of Plaintiff.

Earl P. Gray, Esq., Earl Gray Defense, St. Paul, MN, on behalf of Defendant.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Albert Morris Johnson's ("Johnson") Motion for a Reduction of Sentence [Docket No. 91]. Johnson requests a reduction of his sentence under the amended safety-valve provisions of 18 U.S.C. § 3553(f). Plaintiff United States of America (the "Government) has filed a Response [Docket No. 92] opposing the Motion. For the reasons set forth below, Johnson's Motion is denied.

## II. BACKGROUND

On September 23, 2013, Johnson entered a plea of guilty to one count of possession with the intent to distribute 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A). Min. Entry [Docket No. 55]; Plea Agreement [Docket No. 56]. The count carried a mandatory minimum term of 10 years of imprisonment. See 21 U.S.C. § 841(b)(1)(A).

In the Plea Agreement, Johnson acknowledged that during a search of his Burnsville, Minnesota residence on May 1, 2013, police found 5,465 grams of methamphetamine (over 1.5 kilograms actual), $16,538 in cash, a money-counting machine, a digital scale, and two firearms. Plea Agreement ¶ 2. Johnson admitted that he possessed the drugs and firearms, that he intended to distribute the drugs, and that he had earlier sold approximately two ounces of methamphetamine to a drug customer. Id.

The probation office prepared a Presentence Investigation Report ("PSR") that found Johnson had a base offense level of 38, increased by two levels for the possession of the firearms, and decreased by three levels for timely acceptance of responsibility, resulting in a total offense level of 37. PSR ¶¶ 22–35. The PSR also found that Johnson had two criminal history points for a conviction for Minnesota second-degree assault with a dangerous weapon, and one criminal history point for a conviction for disorderly conduct. Id. ¶¶ 40–41. This placed Johnson in criminal history category II. Id. ¶ 42. Johnson's resulting sentencing guideline range was 235 to 293 months. Id. ¶ 79.

A sentencing hearing was held on March 13, 2014. Am. Min. Entry [Docket No. 84]. At the hearing, Johnson argued he should not receive a 2-level enhancement for possession of the firearms and that he should receive a two-level reduction for being a minor participant in the offense. The Court rejected both arguments and adopted the guideline calculation recommended in the PSR. Sentencing Tr. [Docket No. 89] at 44–46. The Court departed substantially downward from the guideline range and imposed the mandatory minimum sentence of 120 months. Sentencing J. [Docket No. 85] at 2.

On March 10, 2020, Johnson filed this Motion requesting a sentence reduction "under the

new Safety Valve law allowing for less than four criminal history points." Mot. at 1. The Motion states that Johnson, "with three criminal history points is eligible for the new Safety Valve." Id. The Motion cites no legal authority and is not accompanied by a memorandum of law.

## III. DISCUSSION

The Court will address Johnson's motion for a sentence reduction as made pursuant to Section 402(a) of the First Step Act of 2018 ("FSA"), which Congress enacted in December 2018. See Pub. L. No. 115-391, § 402(a), 132 Stat. 5194. Section 402(a) amended the safety-valve provisions of 18 U.S.C. § 3553(f). A defendant who qualifies for safety-valve treatment under § 3553(f) may avoid the consequences of a mandatory minimum drug sentence under 21 U.S.C. § 841(b)(1).

Before the FSA was enacted, a defendant was eligible for safety valve treatment under § 3553(f) if the following five requirements were met:

> (1) the defendant does not have more than 1 criminal history point, as determined under the sentencing guidelines;
>
> (2) the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;
>
> (3) the offense did not result in death or serious bodily injury to any person;
>
> (4) the defendant was not an organizer, leader, manager, or supervisor of others in the offense, as determined under the sentencing guidelines and was not engaged in a continuing criminal enterprise, as defined in section 408 of the Controlled Substances Act; and
>
> (5) not later than the time of the sentencing hearing, the defendant has truthfully provided to the Government all information and

> evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan, but the fact that the defendant has no relevant or useful other information to provide or that the Government is already aware of the information shall not preclude a determination by the court that the defendant has complied with this requirement.

18 U.S.C. § 3553(f)(1)–(5) (former version).

When Congress enacted the FSA, it amended subsection (f)(1) to expand safety-valve eligibility for a defendant if:

> (1) the defendant does not have–
>
> > (A) more than 4 criminal history points, excluding any criminal history points resulting from a 1-point offense, as determined under the sentencing guidelines;
> >
> > (B) a prior 3-point offense, as determined under the sentencing guidelines; and
> >
> > (C) a prior 2-point violent offense, as determined under the sentencing guidelines;

18 U.S.C. § 3553(f)(1) (current version). The other subsections of § 3553(f) remained the same. Congress also added subsection (g), which defines the term "violent offense" in subsection (f)(1)(C) as having the same meaning as "crime of violence" in 18 U.S.C. § 16. See 18 U.S.C. § 3553(g).

Johnson is not eligible for safety-valve treatment under the amended version of § 3553(f) for at least three reasons. First, the FSA's amendments to § 3553(f) are not retroactive. Section 402(b) of the FSA specifically states that the "amendments made by this section shall apply only to a conviction entered on or after the date of the enactment." FSA § 402(b); see also United States v. Manzo, 793 F. App'x 620 (9th Cir. 2020) ("The safety valve provision of the First Step Act does not appear to be applicable to [defendant], whose criminal convictions pre-date the

4

statute's enactment."); United States v. Cantu Hernandez, 787 F. App'x 849 (5th Cir. 2019) (holding the FSA's safety-valve provision does not apply to a defendant convicted before the enactment of the FSA). Johnson's judgment of conviction was entered in March of 2014, long before the December 2018 enactment of the FSA. Accordingly, the amendments do not apply to him.

Second, under both the former and current version of § 3553(f)(2), a defendant is not eligible for safety-valve treatment if the defendant "possess[ed] a firearm or other dangerous weapon . . . in connection with the offense." 18 U.S.C. § 3553(f)(2). At sentencing, the Court specifically found that Johnson had possessed firearms in connection with the offense. Sentencing Tr. at 44. Thus, even if Johnson were sentenced today, he would not qualify for safety-valve treatment.

Third, safety-valve eligibility under the current version of § 3553(f)(1) does not extend to a defendant with "a prior 2-point violent offense, as determined under the sentencing guidelines." 18 U.S.C. § 3553(f)(1)(C). Johnson received two criminal history points for his prior conviction for second-degree assault with a dangerous weapon under Minn. Stat. § 609.222, subd. 1. This is a "violent offense" as defined in § 3553(g) because it qualifies as a "crime of violence" under 18 U.S.C. § 16. See United States v. Aragon-Ruiz, 551 F. Supp. 2d 904, 926 (D. Minn. 2008) (holding Minn. Stat. § 609.222, subd.1 constitutes a crime of violence under 18 U.S.C. § 16(b)); cf. United States v. Lindsey, 827 F.3d 733, 740 (8th Cir. 2016) ("[W]e hold that second-degree assault under Minn. Stat. § 609.222 requires the use, attempted use, or threatened use of physical force against another and therefore qualifies as a violent felony for ACCA purposes."). This conviction would disqualify Johnson from safety-valve eligibility even

if he were sentenced today.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Albert Morris Johnson's Motion for a Reduction of Sentence [Docket No. 91] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  April 10, 2020